FILED
UNITED STATES DISTRICT COURT OFFICE
DISTRICT OF MASSACHUSETTS

2005 DEC 12  P 4: 20

AVIDYNE CORPORATION, a Delaware
corporation,

Plaintiff/Counter-Defendant,

v.

L-3 COMMUNICATIONS AVIONICS
SYSTEMS, INC., f/k/a B.F. GOODRICH
AVIONICS SYSTEMS, INC., a Delaware
corporation,

Defendant/Counter-Plaintiff.

DISTRICT COURT
DISTRICT OF MASS.

C.A. No. 05-11098 GAO

## REPLY TO COUNTERCLAIM

Plaintiff/Counter-defendant Avidyne Corporation ("Avidyne") as and for its Reply to the

Counterclaim (the "Counterclaim") filed by Defendant/Counter-plaintiff L-3 Communications

Avionics Systems, Inc., f/k/a B.F. Goodrich Avionics Systems, Inc. ("L-3") alleges as follows:

1.    Avidyne is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 1, and therefore can neither admit nor deny same.

2.    Avidyne admits the allegations contained in Paragraph 2.

3.    Avidyne admits the allegations contained in Paragraph 3.

4.    Paragraph 4 of the Answer and Counterclaim contains conclusions of law to

which no response by Avidyne is required, except that Avidyne admits that the Counterclaim

purports to state a claim for patent infringement, and that jurisdiction is proper in this Court

pursuant to 28 U.S.C §1331 and 28 U.S.C §1338(a).

5.    Paragraph 5 of the Answer and Counterclaim contains conclusions of law to

which no response by Avidyne is required, except that Avidyne admits that venue is proper in

this judicial district under 28 U.S.C. § 1391 (b).

N258194.1

6.      Avidyne admits that United States Patent No. 5,841,018 (the " '018 Patent"), entitled "Method of Compensating for Installation Orientation of an Attitude Determining Device Onboard a Craft," issued on November 24, 1998. Avidyne is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6, and therefore can neither admit nor deny same.

7.      Avidyne denies the allegations contained in Paragraph 7, apart from those allegations contained in Paragraph 7 that contain conclusions of law, to which no response by Avidyne is required.

8.      Avidyne is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore can neither admit nor deny same, apart from those allegations contained in Paragraph 8 that contain conclusions of law, to which no response by Avidyne is required.

9.      Avidyne denies the allegations contained in Paragraph 9, apart from those allegations contained in Paragraph 8 that contain conclusions of law, to which no response by Avidyne is required.

10.     Avidyne admits that L-3 sent correspondence to Avidyne in which L-3 alleged that Avidyne was infringing the '018 Patent, but denies that this constituted "notice...of [the] infringement" alleged in L-3's counterclaim.

11.     Avidyne denies the allegations contained in Paragraph 11.

12.     Avidyne denies the allegations contained in Paragraph 12.

13.     Avidyne denies the allegations contained in Paragraph 13.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim is barred in whole and in part because it fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2

The '018 Patent, and each claim thereof, is invalid for failure to meet at least one of the requirements of patentability set forth in 35 U.S.C. § 102, § 103, and/or § 112.

### Third Affirmative Defense

Avidyne has not directly infringed, and has not contributorily infringed, and has not induced infringement of any valid and enforceable claim of the '018 Patent, either literally or under the Doctrine of Equivalents, and is not liable for any infringement of the '018 Patent.

### Fourth Affirmative Defense

L-3's claims for relief are barred, in whole or in part, by the doctrines of equitable estoppel, unclean hands and/or laches.

### Fifth Affirmative Defense

Avidyne reserves the right to assert additional defenses which may become apparent during discovery in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Avidyne prays for judgment in its favor and against Defendants/Counter-plaintiffs providing that:

A.    The Counterclaim be dismissed in its entirety with prejudice and the Defendant/Counter-Plantiff take nothing therefrom.

B.    The Court adjudge, declare, and decree that the claims of the '018 Patent are void, invalid, and/or not infringed by Avidyne.

C.    Avidyne be awarded its reasonable attorney fees and the costs of this action pursuant to 35 U.S.C. § 285.

D.    Avidyne be awarded such further and other relief as the Court may deem just and equitable.

3

Dated:  December 12, 2005

Richard D. Rochford, BBO No. 423950
Nicholas G. Papastavros, BBO No. 635742
Maia H. Harris, BBO No. 648208
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Telephone: 617-345-1000
Fax: 617-345-1300

Attorneys for Plaintiff Avidyne Corporation

## **CERTIFICATE OF SERVICE**

I certify that on December 12, 2005, a true and correct copy of *Reply to Counterclaim* was served via fax and overnight delivery on the following:

Terence J. Linn
Van Dyke, Gardner, Linn & Burkhart, LLP
Suite 207
P.O. Box 888695
Grand Rapids, MI 49588-8695

Kathleen A. Kelley
Hare & Chaffin
160 Federal Street
Boston, MA 02110-1701

Michael R. Scott