UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AVIDYNE CORPORATION, a Delaware corporation,

Plaintiff,

v.

L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC., f/k/a B.F. GOODRICH AVIONICS SYSTEMS, INC., a Delaware corporation,

Defendant.

Civil Action No. 05-11098 GAO

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION TO MODIFY SCHEDULING ORDER**

Defendant, L-3 Communications Avionics systems, Inc. ("L-3 Avionics"), submits this opposition to the motion of plaintiff, Avidyne Corporation, ("Avidyne"), to modify the Scheduling Order entered in this action with respect to the parties' exchange of expert disclosures and reports.

**Preliminary Statement**

While L-3 Avionics is willing to abide by the agreement previously made between the parties -- a simultaneous exchange of expert reports, thirty days after the entry of the Markman claim interpretation decision -- it is not agreeable to the wholesale revamping of the schedule now proposed by Avidyne. With its most-recent motion, Avidyne takes the unacceptable course of: (1) asking L-3 Avionics if it would assent to postponing the Markman hearing, (2) receiving and accepting L-3 Avionics' unambiguous refusal to postpone Markman, and filing an Assented-to motion to obtain the relief and postponement to which L-3 Avionics would agree, and then (3)

filing this Emergency Motion to Modify the Scheduling Order ("Emergency Motion"), again seeking to postpone the Markman proceedings, and further seeking to place additional burden on L-3 Avionics with respect to the sequencing of expert reports and the identification of claims asserted.

Avidyne's Emergency Motion is unnecessary and unsupported, and all of the remaining scheduled events, including the designation of experts and briefing on the Markman claim interpretation, should remain as currently scheduled.

## Statement of Facts[1]

### Background

Avidyne filed a Declaratory Judgment Complaint on or about May 25, 2005, seeking a declaration that the equipment sold by Avidyne does not infringe a pre-existing patent held by L-3 Avionics, and/or that such patent is invalid. Avidyne's Declaratory Judgment Complaint was signed by Nicholas G. Papastavros of the law firm of Nixon Peabody. On or about November 18, 2005, L-3 Avionics answered Avidyne's complaint and counterclaimed against Avidyne, alleging that the Avidyne system infringes the L-3 Avionics patent. (Docket Nos. 1 and 7.)

### The Scheduling Conference and Order

On or about December 20, 2005, Attorneys Terence Linn and Brendan Hare, counsel for L-3 Avionics, conferred with Attorney John Oleske, counsel for Avidyne, regarding the parties' Joint Statement Pursuant to Expense and Reduction Plan (the "Joint Statement"). The Joint Statement, having been agreed to and signed by the parties' counsel (Attorney Nicholas

---

[1] This Statement of Facts is based on and supported by the documents on file with the Court, as referenced, and on the Declaration of Terence J. Linn ("Linn Dec."), attached hereto as Exhibit A.

Papastavros for Avidyne and Kathleen Kelley for L-3 Avionics), was filed with the Court on or about January 25, 2006, in preparation for the Scheduling Conference with the Court. (Linn Dec. at ¶¶ 2-3.)

The Scheduling Conference was held on January 31, 2006. In attendance were Attorneys Papastavros and Michael Scott for Avidyne, and Mr. Linn and Ms. Kelley for L-3 Avionics. (Linn Dec. at ¶ 4.) Consistent with the Joint Statement, the parties agreed that they would designate experts prior to the Markman proceedings, and both parties were amenable to attempting to mediate the dispute. (Linn Dec. at ¶ 5.) On January 31, 2006, the Court reiterated the agreed-upon schedule as contained in the Joint Statement, with the exception that it did not mention the proposed simultaneous exchange of expert reports by the parties thirty days after the decision on the Markman claim interpretation. (Docket, January 31, 2006 Electronic Clerk's Notes for Proceedings Held Before Judge George A. O'Toole.)

**The Mediation and After**

The parties attempted to mediate the dispute between them on July 31, 2006, but the attempt was unsuccessful. (Linn Dec. at ¶ 6.) Attorneys Frank Ryan, Marc Kaufman, and Kate Cassidy from the law firm of Nixon Peabody represented Avidyne at the mediation, and Attorneys Linn and Brendan Hare attended on behalf of L-3 Avionics. (Linn Dec. at ¶ 7.)

Following that mediation attempt, Mr. Ryan approached Mr. Linn regarding an adjustment of the scheduling dates for this action. Ms. Cassidy thereafter forwarded to Mr. Linn and Ms. Kelley a draft of the proposed changes. In that draft, Ms. Cassidy proposed postponing all of the dates previously entered, including dates for expert designation, the close of discovery, and the Markman proceedings. (Linn Dec. at ¶ 8, Ex. 1.) Mr. Linn responded that he would be

amenable to a postponement of all dates except the Markman proceedings. (Linn Dec. at ¶ 9, Ex. 2.) Ms. Cassidy filed the Assented-To Motion for Extension of Time Extending Dates of Trial Schedule on August 3, 2006, moving the expert disclosure and discovery dates, but leaving the established dates for the Markman proceedings. (Docket No. 21.)

**The August 22 Telephone Conference**

On or about August 18, 2006, Avidyne's counsel, Ms. Cassidy, proposed another conference with L-3 Avionics to purportedly "clarify the scheduling order." (Linn Dec. at ¶ 11, Ex. 3.) Ms. Cassidy raised two issues with respect to the scheduling order which she felt warranted attention/discussion: (1) a perceived timing defect whereby "the schedule arguably requires the parties to serve expert reports before the close of fact discovery and a Markman hearing," and (2) a perceived sequencing defect, as Avidyne felt that L-3 Avionics should serve expert reports first, followed by the expert reports of Avidyne. (Linn Dec. at ¶ 12.)

A conference call to discuss these issues occurred on August 22, 2006. Mr. Linn and Ms. Kelley participated on behalf of L-3 Avionics, Mss. Cassidy and Maia Harris and Messrs. Jason Kravitz and Carlos Villamar participated on behalf of Avidyne. Avidyne's counsel proposed changes to the dates and the sequence of the exchange of expert reports, and Mr. Linn took the position that the dates were negotiable, but he was not amenable to changing the sequencing that had been agreed-to by the parties. (Linn Dec. at ¶¶ 13-14.)[2] Avidyne's counsel felt that a motion

---

[2] Throughout the telephone conference, consistent with the outline of issues to be discussed contained in Ms. Cassidy's August 18 correspondence, counsel for both parties were proceeding under the mistaken impression that the dates agreed-upon for the designation of experts also included an exchange of expert reports. As is clear from a review of the Joint Statement filed in this action by the parties (and as such review reminded counsel for L-3 Avionics), the proposed exchange of expert reports had been separately addressed by the parties in that Joint Statement, and as proposed, such exchange was not to occur at the time of the expert designation. (Linn Dec. at ¶ 15.)

would be required without agreement as to both points, and new proposed dates were therefore not discussed. (Linn Dec. at ¶ 16.)

**Avidyne's Emergency Motion**

On August 23, 2006, Avidyne filed an Emergency Motion to Modify Scheduling Order, seeking to (1) postpone the agreed-upon dates for discovery, Markman proceedings, and expert reports, (2) modify the sequencing of the exchange of expert reports, and (3) impose a new obligation on L-3 Avionics of "identfy[ing] all claims being asserted by 9/8/06." (Docket No. 24, Memorandum of Law in Support of Emergency Motion to Modify Scheduling Order, p. 7.) Avidyne contends that the motion must be handled on an emergency basis because "absent intervention by the Court, Avidyne -- the party accused of patent infringement -- will be forced to produce all of its expert reports by September 18, 2006 . . .." (Id. at 1.)

## Argument

### A. There is no Emergency Here

As a threshold matter, the current disagreement presents no emergency, and Avidyne's Emergency Motion should be denied on that basis alone. According to the agreed-upon schedule proposed by the parties in their Joint Statement, expert reports would not be due to be exchanged until thirty days after this Court's ruling on the Markman proceedings. L-3 Avionics is still willing to abide by that prior agreement. Accordingly, as proposed, the only thing that would need to occur on September 18 would be Avidyne's designation of its experts, and that designation should present no hardship. As there is already a conference scheduled in this matter for September11, 2006, any further issues or disputes with respect to scheduling can be addressed at that time.

**B. In Any Event, Avidyne's Analysis is Incorrect**

**1. Avidyne Should be Precluded From Changing the Markman Proceedings**

Avidyne agreed not to postpone the Markman proceedings in this case, and secured L-3 Avionics' agreement to other relief and extensions in the context of that agreement. Avidyne should not be allowed to now, after it has achieved the benefit of its prior agreement, renege on that agreement. The Markman proceedings should go forward as scheduled.

**2. Avidyne is the Plaintiff in This Action, and it Must Accept the Obligations of That Position**

Avidyne secured for itself significant benefits by filing this action as a plaintiff, not the least of which is securing Avidyne's home venue for prosecution of the action, and it will continue to enjoy those benefits throughout this litigation. Avidyne should not now be permitted to belatedly disclaim its posture as plaintiff and unilaterally discard the scheduling which Plaintiff Avidyne itself agreed to be proper for this action.

**3. Avidyne Must Have an Opinion on Non-Infringement**

Plaintiff Avidyne's notion that it, or its experts, is incapable of articulating Avidyne's non-infringement position until some time after expert reports of Defendant L-3 is simply not true. In May 2005, Plaintiff Avidyne filed this Complaint for Declaratory Judgment asserting that Avidyne does not infringe the patent in suit (Count I) and that the patent in suit is invalid (Count II). In so filing that complaint, Avidyne's counsel had to fulfill the requirements of Fed. R. Civ. P. 11: That Avidyne had a then-known, good faith basis for alleging that the patent in suit was not infringed, as well as for alleging that the patent in suit was invalid. That position clearly can now be articulated by an expert, if such a non-infringement position exists.

Further, under the patent law once a potential infringer receives actual notice of a patent, the potential infringer has an affirmative duty of due care in order to later avoid a finding of willful infringement. *Imonex Services Inc. v. W.H. Munzprufer Dietmar Trenner GmbH*, 408 F.3d 1374, 1377 (Fed. Cir. 2005). A factor bearing on that duty is "whether the infringer . . . investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed." *Id.* That investigation includes whether the accused infringer timely received a competent opinion of counsel regarding infringement and validity prior to commencing or continuing infringement. *SRI International Inc. v. Advanced Technological Laboratories Inc.*, 127 F.3d 1462, 1465-67 (Fed. Cir. 1997). Accused infringers therefore routinely allege a position as to the issue of infringement long prior to litigation even arising, let alone prior to filings by their opposition during litigation. The mere fact that an accused infringer files a declaratory judgment action is no evidence of a reasonable basis for believing it has a right to continue the allegedly infringing activity. *Kaufman Co. v. Lantech,* 807 F.2d 970, 979 (Fed. Cir. 1986). Perhaps Avidyne has not undertaken appropriate due diligence and has no opinion of counsel or credible defense to infringement. If that is the case, however, L-3 Avionics is certainly entitled to explore that issue in discovery, and Avidyne's expert reports are one discovery vehicle that will illuminate the state of the facts with respect to this issue.

**3. L-3 Avionics Should Not be Compelled to "Identify Claims"**

Avidyne here demands, for the first time, that L-3 Avionics must identify all of the claims it is asserting in its counterclaim in the next two weeks. (Emergency Motion at 2.) Such an obligation would impose an unfair, and unwarranted, burden on L-3 Avionics.

A comprehensive infringement analysis requires intimate knowledge of Avidyne's equipment and processes. While Avidyne and its experts have available to them all of the information and facts necessary for a comprehensive infringement analysis, the same is not true of L-3 Avionics and its experts. Defendant L-3 Avionics has been able on its own to obtain some information regarding the Avidyne equipment and its process in order to form a belief as to infringement of the broader claims, but much of the Avidyne information can only be obtained through discovery. To date, Avidyne has produced fewer than 300 pages of documents (as compared to an excess of 4000 pages produced by L-3), and no depositions have been conducted (although L-3 Avionics served notices of depositions on March 27, 2006 and has been promised by Avidyne's counsel that dates for witness availability will be forthcoming). To require L-3 Avionics to comprehensively identify all asserted claims -- thereby waiving "unidentified claims" -- by September 8, 2006, when virtually no discovery has been provided by Avidyne, would unfairly prejudice L-3.

Dated: August 24, 2006                                    Respectfully submitted,


                                                          L-3 COMMUNICATIONS AVIONICS
                                                          SYSTEMS, INC.

                                                          By its attorneys,

                                                          　/s/ Kathleen A. Kelley　
                                                          Brendan M. Hare, BBO No. 221480
                                                          Kathleen A. Kelley, BBO No. 562342
                                                          Hare & Chaffin
                                                          160 Federal Street
                                                          Boston, MA  02110
                                                          Tel. 617-330-5000

and

Terence J. Linn
Van Dyke, Gardner, Linn & Burkhardt
2851 Charlevoix Drive, S.E.
Suite 207
Grand Rapids, Michigan 49546
Tel. (616) 975-5503

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 24, 2006.

/s/Kathleen A. Kelley

416003.082306