UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AVIDYNE CORPORATION, a<br>Delaware corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>L-3 COMMUNICATIONS AVIONICS<br>SYSTEMS, INC., f/k/a B.F. GOODRICH<br>AVIONICS SYSTEMS, INC., a<br>Delaware corporation,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-11098 GAO |

## DECLARATION OF TERENCE J. LINN

I, Terence J. Linn, under the penalties of perjury, do hereby state and declare the
following:

1.      I am a practicing attorney, and am a member of the law firm of Van Dyke,
Gardner, Linn & Burkhardt, 2851 Charlevoix Drive, S.E., Suite 207, Grand Rapids, Michigan
49546.  I am counsel for L-3 Communications Avionics Systems, Inc (L-3 Avionics) in the
above action, and I have been admitted to this action pro hac vice.

2.      On or about December 20, 2005, Attorney Brendan Hare and I, as counsel for L-3
Avionics, conferred with Attorney John Oleske, counsel for Avidyne, regarding the parties' Joint
Statement Pursuant to Expense and Reduction Plan (the "Joint Statement").

3.      The Joint Statement, having been agreed to and signed by counsel (Attorney
Nicholas Papastavros for Avidyne and Kathleen Kelley for L-3 Avionics), was filed with the

Court on or about January 25, 2006, in preparation for the Scheduling Conference with the Court.

4.    The Scheduling Conference was held on January 31, 2006.  In attendance were Attorneys Papastavros and Michael Scott for Avidyne, and myself and Ms. Kelley for L-3 Avionics.

5.    Consistent with the Joint Statement, the parties agreed that they would designate experts prior to the Markman proceedings, and both parties were amenable to attempting to mediate the dispute.

6.    The parties attempted to mediate the dispute between them on July 31, 2006, but the attempt was unsuccessful.

7.    Attorneys Frank Ryan, Marc Kaufman, and Kate Cassidy from the law firm of Nixon Peabody represented Avidyne at the mediation, and Attorneys Linn, Karl Ondesma, and Brendan Hare attended on behalf of L-3 Avionics.

8.    Following that mediation, Mr. Ryan approached me regarding an adjustment of the scheduling dates for this action.  Ms. Cassidy thereafter forwarded a draft of the proposed changes.  In that draft, Ms. Cassidy proposed postponing all of the dates previously entered, including dates for expert designation, the close of discovery, and the Markman proceedings. Attached hereto as Exhibit 1 is a true and correct copy of Ms. Cassidy's correspondence and draft in that regard.

9.    I responded that I would be amenable to a postponement of all dates except the Markman proceedings.  Attached hereto as Exhibit 2 is a true and correct copy of my response to Ms. Cassidy.

10.     Ms. Cassidy filed the Assented-To Motion for Extension of Time Extending Dates of Trial Schedule on August 3, 2006, moving the expert disclosure and discovery dates, but leaving the established dates for the Markman proceedings.

11.     On or about August 18, 2006, Ms. Cassidy proposed another conference to purportedly "clarify the scheduling order." Attached hereto as Exhibit 3 is a true and correct copy of Ms. Cassidy's cited correspondence.

12.     Ms Cassidy raised two issues with respect to the scheduling order which she felt warranted attention/discussion: (1) a perceived timing defect whereby "the schedule arguably requires the parties to serve expert reports before the close of fact discovery and a Markman hearing," and (2) a perceived sequencing defect, as Avidyne felt that L-3 Avionics should serve expert reports first followed by expert reports of Avidyne.

13.     A conference call to discuss these issues occurred on August 22, 2006. Ms. Kelley and I participated on behalf of L-3 Avionics, and Mss. Cassidy and Maia Harris and Messrs. Jason Kravitz and Carlos Villamar participated on behalf of Avidyne.

14.     Mr. Kravitz proposed changes to the dates and the sequence of the exchange of expert reports, and I took the position that the dates were negotiable, but I was not amenable to changing the sequencing that had been agreed-to by the parties, so as to require L-3 Avionics to provide expert reports first.

15.     Throughout the telephone conference, consistent with the outline of issues to be discussed contained in Ms. Cassidy's August 18 correspondence, counsel for both parties were proceeding under the mistaken impression that the dates agreed-upon for the designation of experts also included an exchange of expert reports. As is clear from a review of the Joint

Statement filed in this action by the parties (and as such review reminded me), the proposed

exchange of expert reports had been separately addressed by the parties in that Joint Statement,

and as proposed, such exchange was not to occur at the time of the expert designation.

16.     Mr. Kravitz felt that a motion would be required without agreement as to both

points, and new proposed dates were therefore not discussed.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS 24 DAY OF AUGUST, 2006.

Terence J. Linn

416003.082406

4

EXHIBIT 1

## Kathleen Kelley

**From:**     Cassidy, Kate [kcassidy@nixonpeabody.com]

**Sent:**     Tuesday, August 01, 2006 5:57 PM

**To:**      linn@vglb.com

**Cc:**      Ryan, Frank; Kathleen Kelley

**Subject:** FIRM_DM-#10069022-v1-motion_extension_of_time_to_court_schedule.DOC

<<FIRM_DM-#10069022-v1-Stipulation_extension_of_time_to_court_schedule.DOC>>

Terry,

As per your conversation with Frank Ryan yesterday at the mediation regarding extending the dates of the scheduling order, I have prepared this joint motion to file with the court. Please review and forward me your changes. I would like to submit this tomorrow if at all possible.

Please feel free to contact me if you have any questions.

Regards,
Kate

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AVIDYNE CORPORATION,
a Delaware corporation,

              Plaintiff,

    v.

L-3 COMMUNICATIONS AVIONICS
SYSTEMS, INC., f/k/a B.F. GOODRICH
AVIONICS SYSTEMS, INC.,
a Delaware corporation,

              Defendant.

Civil Action No. 05-11098 GAO

**JOINT MOTION EXTENDING DATES OF THE TRIAL SCHEDULE**

Plaintiff Avidyne Corporation ("Avidyne") and Defendant L-3 Communications

Avionics Systems, Inc., ("L-3") hereby request an extension of the scheduling order

deadlines in the above-captioned matter as set forth below.  In support of this Joint

Motion Avidyne and L-3 state as follows:

1.  The parties have been diligently engaged in mediation with a view to settling this

    dispute.

2.  The parties were not able to resolve this case during the mediation session held on

    Monday July 31, 2006.

3.  By mutual agreement, the parties had postponed the production of electronic

    documents until after the scheduled mediation.  These documents must now be

    collected, reviewed, and produced by both sides.  It is anticipated that this process

    will take considerable time.

10069022.1

4. The status conference that was originally scheduled for Thursday July 13, 2006 was postponed until after the mediation and must now be re-entered on the court's calendar.

5. For the foregoing reasons the parties respectfully request that the scheduling order be amended as follows:

|  | Original Date | Proposed Date |
|---|---|---|
| Status Conference | 7/13/06 | 8/27/06 |
| Designation of Plaintiff's Experts | 8/4/06 | 9/18/06 |
| Designation of Defendant's Experts | 8/18/06 | 10/02/06 |
| Markman Opening Briefs | 9/16/06 | 10/31/06 |
| Markman Opposing Briefs | 9/27/06 | 11/11/06 |
| Markman Hearing | 10/11/06 | 12/8/06 |
| Fact Discovery Completed | 9/30/06 | 12/1/06 |
| Expert Discovery Completed | 12/30/06 | 2/13/07 |

6. The requested extensions of time will enable both parties to more adequately prepare their respective cases for trial.

7. No party to this action will be prejudiced by the requested extensions.

8. The parties do not anticipate any further extensions of the Scheduling Order

WHEREFORE, Avidyne and L-3 respectfully request that this court

a. Allow the parties Motion;

b. Amend the Scheduling Order as set forth above; and

c. Grant such further relief as this Court deems just and appropriate.

Respectfully submitted,

| **AVIDYNE CORPORATION**<br>By its attorneys,<br><br><br><br>_____<br>Nicholas Papastavros<br>Michael Scott<br>NIXON PEABODY LLP<br>100 Summer Street<br>Boston, MA<br>(617) 345-1000<br><br>Frank W. Ryan<br>NIXON PEABODY LLP<br>437 Madison Ave<br>New York, NY 10022<br>(212) 940 3000 | **L-3 COMMUNICATIONS AVIONICS**<br>**SYSTEMS, INC.,**<br>By its attorneys,<br><br><br>_____<br>Brendan M. Hare<br>HARE & CHAFIN<br>160 Federal Street<br>Boston, MA 02110<br>(617) 330-5000<br><br>Terrence J. Linn<br>VAN    DYKE,    GARDNER,    LINN    &<br>BURKHART, LLP<br>2851 Charlevoix Drive, S.E.<br>P.O. Box 888695<br>Grand Rapids, MI 49588<br>(616) 975-5500 |

DATED:  August __, 2006

EXHIBIT 2

## Kathleen Kelley

| | |
|---|---|
| **From:** | Terry Linn [Linn@vglb.com] |
| **Sent:** | Wednesday, August 02, 2006 4:42 PM |
| **To:** | Cassidy, Kate |
| **Cc:** | Ryan, Frank; Kathleen Kelley; Karl Ondersma; Brendan Hare |
| **Subject:** | RE: Avidyne v. L-3 Communications Avionics: Scheduling |

Kate:

As we agreed in our telephone conference today, attached is a revised rescheduling motion that L-3 Communications would not oppose. I assume that you will be able to delete the empty brackets and accept changes. Please let me know if you have any comments on the changes.


*Terence J. Linn*
Van Dyke, Gardner, Linn & Burkhart, LLP
Suite 207
2851 Charlevoix Drive, S.E.
Grand Rapids, MI 49546
Phone: (616) 975-5503
Fax: (616) 975-5505
e-mail: linn@vglb.com

CONFIDENTIAL: The information in this communication, and in any attachment to it, is confidential and may be privileged. If you are not the intended recipient referred to above, you should not disclose any of the contents to anyone, make copies or take any action in reliance upon it. If you have received this communication in error please contact the sender, delete all electronic copies and destroy any hard copies. Thank you.


**From:** Cassidy, Kate [mailto:kcassidy@nixonpeabody.com]
**Sent:** Tuesday, August 01, 2006 5:57 PM
**To:** Terry Linn
**Cc:** Ryan, Frank; KKelley@hare-chaffin.com
**Subject:** FIRM_DM-#10069022-v1-motion_extension_of_time_to_court_schedule.DOC


<<FIRM_DM-#10069022-v1-Stipulation_extension_of_time_to_court_schedule.DOC>>



Terry,

As per your conversation with Frank Ryan yesterday at the mediation regarding extending the dates of the scheduling order, I have prepared this joint motion to file with the court. Please review and forward me your changes. I would like to submit this tomorrow if at all possible.

Please feel free to contact me if you have any questions.

Regards,
Kate

8/24/2006

8/24/2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AVIDYNE CORPORATION,
a Delaware corporation,

              Plaintiff,

      v.                                                              Civil Action No. 05-11098 GAO

L-3 COMMUNICATIONS AVIONICS
SYSTEMS, INC., f/k/a B.F. GOODRICH
AVIONICS SYSTEMS, INC.,
a Delaware corporation,

              Defendant.

**PLAINTIFF'S UNOPPOSED MOTION EXTENDING DATES OF THE TRIAL
SCHEDULE**

            Deleted: JOINT

Plaintiff Avidyne Corporation ("Avidyne") hereby requests an extension of the

scheduling order deadlines in the above-captioned matter as set forth below.

Defendant L-3 Communications Avionics Systems, Inc. ("L-3") has been consulted and

it does not oppose the motion. In support of this Motion Avidyne states as

follows:

    Deleted: and Defendant L-3
Communications Avionics Systems, Inc.,
("L-3")

    Deleted: Joint

    Deleted: and L-3

    Deleted: diligently

    Deleted: not

1. The parties have been engaged in mediation with a view to settling this dispute.

2. The parties were able to resolve this case during the mediation session held on

    Monday July 31, 2006.

3. By mutual agreement, the parties had postponed the production of electronic

    documents until after the scheduled mediation. These documents must now be

    collected, reviewed, and produced by both sides. It is anticipated that this process

    will take considerable time.

10069022.1

4.  The status conference that was originally scheduled for Thursday July 13, 2006 was postponed until after the mediation and must now be re-entered on the court's calendar.

5.  For the foregoing reasons the parties respectfully request that the scheduling order be amended as follows:

| | Original Date | Proposed Date |
|---|---|---|
| Status Conference | 7/13/06 | 8/21/06 |
| Designation of Plaintiff's Experts | 8/4/06 | 9/18/06 |
| Designation of Defendant's Experts | 8/18/06 | 10/02/06 |
| | | |
| | | |
| | | |
| Fact Discovery Completed | 9/30/06 | 12/1/06 |
| Expert Discovery Completed | 12/30/06 | 2/13/07 |

6.  The requested extensions of time will enable both parties to more adequately prepare their respective cases for trial.

7.  No party to this action will be prejudiced by the requested extensions.

WHEREFORE, Avidyne respectfully request that this Court

a.  Allow Avidyne's Proposed Motion; and

b.  Amend the Scheduling Order as set forth above.

Respectfully submitted,

**Deleted:** 7

**Deleted:** Markman Opening Briefs

**Deleted:** 9/16/06

**Deleted:** 10/31/06

**Deleted:** Markman Opposing Briefs

**Deleted:** 9/27/06

**Deleted:** 11/11/06

**Deleted:** Markman Hearing

**Formatted Table**

**Deleted:** 10/11/06

**Deleted:** 12/8/06

**Deleted:** <#>The parties do not anticipate any further extensions of the Scheduling Order¶

**Deleted:** and L-3

**Deleted:** c

**Deleted:** the parties

**Deleted:** ; and

**Deleted:** <#>Grant such further relief as this Court deems just and appropriate.¶

**AVIDYNE CORPORATION**
By its attorneys,


_____
Nicholas Papastavros
Michael Scott
NIXON PEABODY LLP
100 Summer Street
Boston, MA
(617) 345-1000

Frank W. Ryan
NIXON PEABODY LLP
437 Madison Ave
New York, NY 10022
(212) 940 3000

**Deleted:** L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC.,¶
By its attorneys,¶
¶
¶

_____¶
Brendan M. Hare¶
HARE & CHAFIN¶
160 Federal Street¶
Boston, MA 02110¶
(617) 330-5000¶
¶
Terrence J. Linn¶
VAN DYKE, GARDNER, LINN & BURKHART, LLP¶
2851 Charlevoix Drive, S.E.¶
P.O. Box 888695¶
Grand Rapids, MI 49588¶
(616) 975-5500¶

DATED:  August __, 2006

# EXHIBIT 3

## Kathleen Kelley

| | |
|---|---|
| **From:** | Cassidy, Kate [kcassidy@nixonpeabody.com] |
| **Sent:** | Friday, August 18, 2006 7:16 PM |
| **To:** | Terry Linn; Brendan Hare; Kathleen Kelley; Karl Ondersma |
| **Cc:** | Ryan, Frank; Kravitz, Jason; Kaufman, Marc; Villamar, Carlos; Harris, Maia |
| **Subject:** | Conference call re schedule |

Terry,

I am writing in an effort to clarify the scheduling order. It seems to us that the language of the order (through no fault of the Court) is confusing with respect to the expert disclosure requirements as compliance with the current dates would be illogical.

First, the schedule arguably requires the parties to serve expert reports before the close of fact discovery and a Markman hearing. This would require the experts to provide opinions as to infringement or non-infringement and damages before the scope of the patent claims are even construed by the court and fact discovery is completed. As you and I both understand, interpretation and construction of the claims is a task for the Court. Requiring experts to speculate about how the court will construe the claims would an inefficient and, frankly, a wasteful exercise. In addition, a report from a damages expert at this stage of the case is premature. For these reasons we would like to file a stipulation that makes clear that expert reports are not due until after the close of fact discovery and after the court has construed the claims.

*Second, while Avidyne is technically the plaintiff in this action, the burden always remains on the patent holder to prove infringement. Avidyne cannot advance its non-infringement position without knowing the basis for L-3's infringement allegations. Accordingly, L-3 must provide its expert reports first, and Avidyne will respond to those reports. We would like to also stipulate to this point.*

If you agree, we suggest scheduling a conference call on Monday or Tuesday of next week so that we can attempt to reach agreement on dates. Otherwise, we will need to bring this matter to the court's attention.

Regards,
Kate

**Kate E. Cassidy**
Nixon Peabody LLP
437 Madison Ave
New York, NY 10022
Telephone: 212 940 3000
Direct Dial: 212 940 3759
Fax: 212 940 3111
Email: KCassidy@nixonpeabody.com
www.nixonpeabody.com

8/24/2006