UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVIDYNE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC., f/k/a B.F. GOODRICH AVIONICS SYSTEMS, INC.,<br><br>    Defendant. | C.A. No. 05-11098 GAO |

## AVIDYNE'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF EMERGENCY MOTION TO MODIFY SCHEDULING ORDER

Plaintiff Avidyne Corporation ("Avidyne") hereby moves, pursuant to Local Rule 7.1(b)(3), for leave to file a reply brief in support of Avidyne's *Emergency Motion to Modify Scheduling Order*, a copy of which is attached hereto as Exhibit 1. As grounds for this motion, Avidyne states that a reply is necessary to address arguments presented in defendant L-3 Communications' opposition, and a reply would assist the Court in deciding the issues in dispute.

Dated: August 25, 2006

/s/ Maia H. Harris
Jason C. Kravitz, BBO No. 565904
Maia H. Harris, BBO No. 648208
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: 617-345-1000
Fax: 617-345-1300

Attorneys for Plaintiff Avidyne Corporation

10094428.1

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVIDYNE CORPORATION,<br><br>                Plaintiff,<br><br>   v.<br><br>L-3 COMMUNICATIONS AVIONICS<br>SYSTEMS, INC., f/k/a B.F. GOODRICH<br>AVIONICS SYSTEMS, INC.,<br><br>                Defendant. | C.A. No. 05-11098  GAO |

**REPLY IN SUPPORT OF PLAINTIFF AVIDYNE CORPORATION'S
EMERGENCY MOTION TO MODIFY SCHEDULING ORDER**

Plaintiff Avidyne Corporation ("Avidyne") respectfully submits this reply in support of its Emergency Motion to Modify Scheduling Order. Avidyne submits this reply to respond to two points raised in the opposition filed by L-3 yesterday (hereafter, "Opp.").

**ARGUMENT**

**The Court Should Reject L-3's Position that It Has No Obligation to
Identify the Patent Claims It Is Asserting Against Avidyne**

Not only does L-3 refuse to identify which of the twenty (20) claims set forth in the '018 Patent it is asserting against Avidyne, it now claims that "[s]uch an obligation would impose an unfair, and unwarranted, burden on L-3. *See* Opp. at 7. Avidyne disagrees. L-3 has the burden of proving infringement in this action,[1] and thus it has an affirmative burden to state which claims it believes Avidyne is infringing.

---

[1] *See Under Sea Industries, Inc. v. Dacor Corp.*, 833 F.2d 1551, 1557 (Fed. Cir. 1987) ("the burden always is on the patentee to show infringement").

2

L-3's refusal to articulate the patent claims it believes Avidyne is infringing will waste the Court's and the parties' time. Unless L-3 identifies the patent claims being asserted, the parties will be forced to devote time and resources to briefing claim construction disputes that may prove wholly irrelevant to this case. More importantly, the Court will waste its time considering -- and adjudicating -- claim construction disputes that may be wholly irrelevant to this case. If L-3 requires additional time to formulate its infringement position, then -- rather than advancing a position that wastes the Court's time -- it should request a modification of the Scheduling Order so that the *Markman* hearing is conducted at the close of discovery.[2]

### L-3 Does Not Challenge that It Bears the Burden of Proof on Infringement

Relying on authority from the Federal Circuit, various district courts, and a seminal treatise, Avidyne maintains that -- despite its position as a nominal plaintiff in this declaratory judgment action -- L-3 bears the burden of proof on the issue of infringement. *See generally* Memorandum In Support of Emergency Motion. L-3 offers no legal authority to support its position that Avidyne should produce its expert reports first, relying instead on the assertion that Avidyne must be forced to honor a scheduling agreement. *See* Opp. at 6.

The Court should reject L-3's "form over substance" argument. Logic dictates that the party bearing the burden of proof on a particular issue should be required to produce the initial expert report on that issue. Indeed, as explained in Avidyne's previous submission, how can

---

[2] As Judge Young observed:

> It has now become generally accepted that, barring a case so clear that quick resolution is manifestly in the litigant's interests to minimize transaction costs, the best time to hold the Markman hearing is at the summary judgment stage of the litigation -- at or near the close of discovery while some time yet remains before trial for the parties to gear up (or settle) in light of the judge's claim construction. *See* William F. Lee & Anita K. Krug, *Still Adjusting to Markman: A Prescription for the Timing of Claim Construction Hearings*, 13 Harv. J.L. & Tech. 55, 82-86 (1999).

3

Avidyne be expected to formulate a *non-infringement* position before L-3 articulates its *infringement* position?  Moreover, how can Avidyne be expected to produce an expert report on damages before L-3 articulates its damages theory?  L-3's position requires Avidyne to guess what L-3 intends to argue, and therefore cannot be reconciled with Rule 26(a)(2)(B)'s requirement that an expert's report "contain a complete statement of *all opinions to be expressed* and the basis and reasons therefore . . . " (emphasis added).  The Court should reject L-3's position.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in its previous submission, Avidyne respectfully requests that the Court modify the Scheduling Order.

Dated:  August 25, 2006

/s/ Maia. H. Harris
Jason C. Kravitz, BBO No. 565904
Maia H. Harris, BBO No. 648208
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Telephone: 617-345-1000
Fax: 617-345-1300

Attorneys for Plaintiff Avidyne Corporation

---

*Macneill Eng. Co. v. Trisport, Ltd.*, 126 F. Supp. 2d 51, 54 (D. Mass. 2001).