UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVIDYNE CORPORATION, a Delaware corporation, )<br><br>Plaintiff, )<br><br>v. )<br><br>L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC., f/k/a B.F. GOODRICH AVIONICS SYSTEMS, INC., a Delaware corporation, )<br><br>Defendant. ) | Civil Action No. 05-11098 GAO |

**DEFENDANT, L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC.'S, STATUS REPORT SUBMITTED IN CONNECTION WITH THE SCHEDULED CONFERENCE**

Defendant, L-3 Communications Avionics Systems, Inc. ("L-3 Avionics"), submits this Status Report in connection with the Status Conference scheduled to be held Monday, September 11, 2006.

**Background**

Avidyne filed a Declaratory Judgment Complaint on or about May 25, 2005, seeking a declaration that the equipment sold by Avidyne does not infringe a pre-existing patent held by L-3 Avionics, and/or that such patent is invalid. Avidyne's Declaratory Judgment Complaint was signed by Nicholas G. Papastavros of the law firm of Nixon Peabody. On or about November 18, 2005, L-3 Avionics answered Avidyne's complaint and counterclaimed against Avidyne, alleging that the Avidyne system infringes the L-3 Avionics patent. (Docket Nos. 1 and 7.)

**Current Schedule**

The Joint Statement Pursuant to Expense and Reduction Plan (the "Joint Statement"), as submitted by the parties in January 2006 and modified at Avidyne's request in August 2006, provides the following schedule for discovery and/or filing events in the near future:

| | |
|---|---|
| Designation (identification) of Plaintiff's Experts | September 18, 2006 |
| Designation (Identification) of Defendant's Experts | October 2, 2006 |
| Markman Hearing | |
|    - Opening Briefs (simultaneous) | September 16, 2006 |
|    - Briefs in Opposition (simultaneous) | September 27, 2006 |
|    - Hearing | October 11, 2006 |
| Fact Discovery Completed | December 1, 2006 |
| Expert Discovery Completed | February 13, 2007 |
| Dispositive Motions | 60 days after Markman decision |

(Docket Nos. 10 and 21.)

**Status of Discovery**

To date, the parties have exchanged initial written discovery requests, and both sides have answered interrogatories and produced some documents in response to the document requests exchanged.

Avidyne has currently produced 2,324 documents, comprised of (a) 2,161 documents of product manuals regarding the accused device (including multiple revisions of the same manual); and (b) webpage printouts, digital renderings of the accused device, advertising brochures, calibration and installation information records, a customer acceptance report, and an engineering change report. Avidyne has not produced any documents relating to the

development of the challenged product, finances surrounding its production, marketing or sale of the challenged product. (Declaration of Karl T. Ondersma ("Ondersma Dec."), attached hereto as Exhibit 1, ¶ 4.)

L-3 Avionics has produced just under 4,500 pages of documents, (both hard copy and "electronically-stored"), including (a) all documents believed to be available regarding development of the subject invention; (b) documents comprising and surrounding the subject patent; (c) competitive assessments; (d) internal organizational charts and retention policies; (e) presentations relating to the subject invention; (f) manuals regarding various L-3 Avionics products; (g) financial information regarding the subject invention, and (h) license agreement(s) on avionics-related products/inventions. (Ondersma Dec. at ¶ 5.)

The parties had initially agreed to postpone cumbersome production of electronic documents (such as e-mails) until after the completion of mediation in this case. A mediation was held on July 31, 2006, but was unsuccessful. (All discovery, including the production of "electronically-stored" information, was therefore resumed at the beginning of August 2006.) To date, Avidyne has produced few, if any, documents characterized as "electronically-stored."[1] ("Ondersma Dec. at ¶¶ 6-7.)

L-3 Avionics believes it has produced responsive electronically-stored documents relating to the development of the subject invention. L-3 Avionics is in the process of searching for other e-emails which may relate to the marketing of the invention, although it believes such additional documents will be minimal, at best. (Ondersma Dec. at ¶ 8.)

---

[1] Counsel for Avidyne reports that Avidyne "hope[s] to start producing electronically-stored documents within the next two weeks," but it is unclear how much time the proposed "rolling production" is expected to require. (Declaration of Kathleen A. Kelley, attached hereto as Exhibit 2, at Ex. A.)

**Outstanding Motion on Scheduling**

Currently pending (and fully briefed) is Avidyne's motion to extend the above (and other) deadlines in this case. Avidyne argues that such extension is necessary because it now claims, contrary to prior agreement between and among the parties and the Court, that L-3 Avionics must take the lead with respect claim identification and/or expert reports. (Docket No. 24, Memorandum to Modify Scheduling Order at 4.) L-3 Avionics maintains that, at a minimum, the schedule for the identification of experts and the Markman proceedings should go forward as scheduled and agreed. (As noted in L-3 Avionics' opposition to Avidyne's motion for extensions, the parties have repeatedly agreed to the identification of experts and the Markman proceedings, and there is no impediment or hardship in honoring the agreed-upon schedule in that regard.)[2] (Docket No. 25.) While L-3 Avionics is amenable to discussing a possible extension of discovery deadlines, it is opposed to allowing delayed and/or drawn out document production to bring about a de facto extension of deadlines here.

**Proposed Matters for Discussion at Conference**

L-3 Avionics suggests that the following topics be discussed at the Status Conference on September 11, 2006:

1.  The establishment of a date certain by which all responsive documents -- including electronically-stored documents, must be produced;

2.  The appropriate modification, if any, to the deadlines contained in the Joint Statement and/or the Scheduling Order of this Court; and

---

[2] This case, which was filed by Avidyne, has been pending for over 1 1/4 years with very little progress having been made. L-3 Avionics is concerned, and wishes to ensure that the action proceed in a reasonably prompt pace from this point on.

      3.      Discussion and/or resolution of the outstanding motion to modify the schedule here.

Dated:  September 8, 2006                        Respectfully submitted,

                                            L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC.

                                            By its attorneys,

                                            /s/ Kathleen A. Kelley
                                            Brendan M. Hare, BBO No. 221480
                                            Kathleen A. Kelley, BBO No. 562342
                                            Hare & Chaffin
                                            160 Federal Street
                                            Boston, MA  02110
                                            Tel.  617-330-5000

                                            and

                                            Terence J. Linn
                                            Van Dyke, Gardner, Linn & Burkhardt
                                            2851 Charlevoix Drive, S.E.
                                            Suite 207
                                            Grand Rapids, Michigan 49546
                                            Tel.  (616) 975-5503

## CERTIFICATE OF SERVICE

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 8, 2006.

                                            /s/Kathleen A. Kelley

416003.090706

EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVIDYNE CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC., f/k/a B.F. GOODRICH AVIONICS SYSTEMS, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No. 05-11098 GAO |

## DECLARATION OF KARL T. ONDERSMA

I, Karl T. Ondersma, under the penalties of perjury, do hereby state and declare the following:

1.  I am a practicing attorney, and am employed by the law firm of Van Dyke, Gardner, Linn & Burkhart, 2851 Charlevoix Drive, S.E., Suite 207, Grand Rapids, Michigan 49546. I am counsel for L-3 Communications Avionics Systems, Inc (L-3 Avionics) in the above action, and I have been admitted to this action pro hac vice.

2.  I have been involved in assisting L-3 Avionics to compile documents and information so as to respond to the various discovery requests served by Avidyne Corporation ("Avidyne") in this matter. I have also been involved in the receipt and review of the documents and information provided by Avidyne in response to L-3 Avionics' discovery requests. The statements made herein are based on my personal knowledge, unless otherwise indicated.

3.  To date, the parties have exchanged initial written discovery requests, and both sides

have answered interrogatories and produced some documents in response to the document requests exchanged.

4. Avidyne has currently produced 2,324 documents, comprised of (a) 2,161 documents of product manuals regarding the accused device (including multiple revisions of the same manual); and (b) webpage printouts, digital renderings of the accused device, advertising brochures, calibration and installation information records, a customer acceptance report, and an engineering change report. Avidyne has not produced any documents relating to the development of the challenged product, finances surrounding the production, marketing or sale of the challenged product.

5. L-3 Avionics has produced just under 4,500 pages of documents (both hard copy and "electronically-stored"), including (a) all documents believed to be available regarding development of the subject invention; (b) documents comprising and surrounding the subject patent; (c) competitive assessments; (d) internal organizational charts and retention policies; (e) presentations relating to the subject invention; (f) manuals regarding various L-3 Avionics products; (g) financial information regarding the subject invention, and; (h) license agreement(s) on avionics-related products/inventions.

6. The parties had initially agreed to postpone cumbersome production of electronic documents (such as e-mails) until after the completion of a mediation session in this case. Mediation was attempted on July 31, 2006, but was unsuccessful. (All discovery, including the production of "electronically-stored" information, was therefore resumed at the beginning of August 2006.)

7. To date, Avidyne has produced few, if any, documents characterized as "electronically-stored."

8. L-3 Avionics believes it has produced all available documents ("electronically stored" or otherwise) relating to the development of the subject invention. L-3 Avionics is in the process of searching for other e-emails which may relate to the marketing of the invention, although it believes such additional documents will be minimal, at best.

SIGNED UNDER THE PENALTIES OF PERJURY<br>
THIS 8<u>TH</u> DAY OF SEPTEMBER, 2006.

*[signature]*
Karl T. Ondersma

416003.090806

### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 8, 2006.

/s/Kathleen A. Kelley

416003.090806

3

EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVIDYNE CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC., f/k/a B.F. GOODRICH AVIONICS SYSTEMS, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No. 05-11098 GAO |

### DECLARATION OF KATHLEEN A. KELLEY

I, Kathleen A. Kelley, under the penalties of perjury, do hereby state and declare the following:

1. I am a practicing attorney, admitted to practice in the courts of the Commonwealth of Massachusetts and in this Court. I am a member of the law firm of Hare & Chaffin, 160 Federal Street, Boston, MA 02110. I am co-counsel of record for L-3 Communications Avionics Systems, Inc. (L-3 Avionics) in the above action. The statements made in this declaration are based on my personal knowledge, unless otherwise indicated.

2. On or about September 6, 2006, I participated in a telephone conversation with Attorney Jason Kravitz, counsel for Avidyne Corporation ("Avidyne") in this action. I was attempting to determine when Avidyne would be producing documents responsive to L-3 Avionics' document requests.

3. Mr. Kravitz reported that Avidyne had its "e discovery vendor in place," and he was in the process of "imaging all the hard drives" of the relevant Avidyne computers. Mr. Kravitz anticipated that Avidyne might be able to commence the production of "electronically-stored" documents within two weeks.

4. Attached hereto as Exhibit A is a true and correct copy of the September 7, 2006 correspondence sent to me by Attorney Kravitz.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS 8th DAY OF SEPTEMBER, 2006.

_____
Kathleen A. Kelley

416003.090806

EXHIBIT A

# NIXON PEABODY LLP
ATTORNEYS AT LAW

100 Summer Street
Boston, Massachusetts 02110-2131
(617) 345-1000
Fax: (617) 345-1300

Jason C. Kravitz
Direct Dial: (617) 345-1318
E-Mail: jkravitz@nixonpeabody.com

September 7, 2006

**VIA FACSIMILE AND U.S. MAIL**

Kathleen A. Kelley, Esq.
Hare & Chaffin
160 Federal Street, 23rd Floor
Boston, MA 02110

RE: *Avidyne Corporation v. L-3 Comm. Avionics Sys., Inc.*, C.A. No. 05-11098 GAO

Dear Kathleen:

I am writing to confirm the substance of our telephone conversation yesterday.

As I explained, Avidyne expects to produce an additional batch of hard-copy documents within the next few days. In addition, Avidyne is working diligently with its electronic discovery vendor to locate and copy relevant and responsive files. We will produce these documents on a rolling basis as they are reviewed. We hope to start producing electronically stored documents within the next two weeks.

As I mentioned, reaching agreement on search terms for electronic discovery (particularly in the context of e-mails) will facilitate and expedite both parties' production efforts. I propose that we speak early next week to create an agreed-upon list of search terms.

When I asked you about the status of L-3's electronic discovery, you stated that you were not involved in that process and could not offer any insight into the status of L-3's efforts. I asked you to follow up with Mr. Linn, and you assured me that you would. I look forward to receiving a report on the status of L-3's electronic discovery at your earliest convenience.

Very truly yours,

Jason C. Kravitz

cc: Terence J. Linn (by facsimile)
    Maia H. Harris
    Kate Cassidy

10115065.1

ALBANY, NY • BOSTON, MA • BUFFALO, NY • GARDEN CITY, NY • HARTFORD, CT • LOS ANGELES, CA • MANCHESTER, NH • McLEAN, VA • NEW YORK, NY
ORANGE COUNTY, CA • PALM BEACH GARDENS, FL • PHILADELPHIA, PA • PROVIDENCE, RI • ROCHESTER, NY • SAN FRANCISCO, CA • WASHINGTON, DC