UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVIDYNE CORPORATION,<br><br>          Plaintiff,<br><br>    v.<br><br>L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC., f/k/a B.F. GOODRICH AVIONICS SYSTEMS, INC.,<br><br>          Defendant. | C.A. No. 05-11098  GAO |

**AVIDYNE CORPORATION'S
POSITION STATEMENT AND PROPOSED AGENDA
FOR SEPTEMBER 11, 2006 STATUS CONFERENCE**

**STATEMENT OF POSITION**

In December 2004, after receiving a letter from L-3 accusing it of infringing the '018 Patent, Avidyne filed a Complaint seeking declaratory of non-infringement and/or invalidity (C.A. No. 04-12672).  The parties attempted to resolve their dispute amicably but were unable to do so.  Having failed to serve the Complaint within 120 days, as required by Fed. R. Civ. P. 4, Avidyne refiled its Complaint on May 26, 2005.

After the case was re-filed, the parties continued their efforts to resolve their dispute amicably.  These efforts, which included a full-day mediation session, were unsuccessful.  Consequently, this dispute will be decided by a jury.

Notwithstanding that this dispute has been in litigation for *21 months*, L-3 continues to refuse to identify all of the patent claims it believes Avidyne is infringing. Instead, L-3 would have the parties brief – and the Court devote its time to construing –

the disputed terms in each of the twenty (20) claims of the '018 Patent, despite the fact that many (likely most) of those claims will not be asserted at trial. Avidyne disagrees and believes that L-3 should be forced to identify the claims at issue before the Court should be asked to construe disputed claim terms.

In addition, contrary to authority from the Federal Circuit, numerous district courts, seminal treatises, and the Advisory Committee's Notes to the 1993 Amendments to Fed. R. Civ. P. 26 (which provides that "in most cases the party with the burden of proof on an issue should disclose his expert testimony on that issue before other parties are required to make their disclosures"), L-3 insists that Avidyne, as the nominative plaintiff in this action, must identify its experts and serve its expert reports before L-3, the party with the burden of proof on infringement and damages. L-3 has offered no authority for its position.

For these reasons, and others, the schedule and sequence L-3 is advancing is illogical and will result in inefficient litigation. As set forth in its recent motion (and reply), Avidyne respectfully urges the Court to modify the Scheduling Order as follows:

| | |
|---|---|
| **Fact Discovery to Be Completed By:** | 12/4/06 |
| **L-3 To Identify All Claims Being Asserted By:** | 9/8/06 |
| **Opening Markman Briefs (filed simultaneously) Due:** | 10/13/06 |
| **Responsive Markman Briefs (filed simultaneously) Due:** | 10/27/06 |
| **Markman Hearing:** | **Scheduled By Court** |
| **Expert Reports of Party With Burden of Proof Due:** | 1/5/07 |
| **Responsive Expert Reports Due:** | 2/5/07 |
| **Expert Depositions to Be Completed By:** | 3/23/07 |

**PROPOSED AGENDA FOR SEPTEMBER 11, 2006 CONFERENCE**

1. **Sequence of Expert Reports**:  Whether the party bearing the burden of proof on a given issue should serve expert(s) on that issue prior to the party without the burden of proof?

2. **L-3's Obligation to Identify the Claims It Is Asserting Against Avidyne**: Whether the Court should compel L-3 to state, by a date certain, all of the claims it believes Avidyne is infringing?

3. **Timing of *Markman* Briefing and Hearing**:  Whether the Court should devote its time to construing disputed claim terms before L-3 identifies all of the claims being asserted against Avidyne.

4. **Modifications to Existing Scheduling Order**:  *See* items 1, 2, and 3.

Dated: September 11, 2006

/s/ Maia. H. Harris
Jason C. Kravitz, BBO No. 565904
Maia H. Harris, BBO No. 648208
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Telephone: 617-345-1000
Fax: 617-345-1300

Attorneys for Plaintiff Avidyne Corporation

3