UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVIDYNE CORPORATION, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC., f/k/a B.F. GOODRICH AVIONICS SYSTEMS, INC., a Delaware corporation, <br><br> Defendant. | Civil Action No. 05-11098 GAO |

ASSENTED-TO MOTION TO EXCEED PAGE LIMIT

Defendant, L-3 Communications Avionics Systems, Inc. ("L-3 Avionics"), by its undersigned counsel, hereby moves for permission to submit a Markman Brief in excess of twenty pages. In support of this motion, L-3 Avionics states the following:

1. This action centers on the rights and obligations of the parties with respect to a patent held by defendant, L-3 Avionics, and any connection between that patent and certain equipment sold by plaintiff, Avidyne Corporation. (Docket Nos. 1 and 7.)

2. According to the Scheduling Order in this matter, initial briefs pertaining to the interpretation of the claims under the L-3 Avionics patent -- the "Markman Briefs" -- are to be simultaneously filed with the Court today.

3.  Markman Briefs usually contain significant background on highly technical issues, so as to permit the Court to more fully understand the meaning and workings of the patent at issue. Markman Briefs are, therefore, often more lengthy than the traditional memorandum.

4.  The Local Rules of this Court provide that "[m]emoranda supporting or opposing allowance of motions shall not, without leave of court, exceed twenty (20) pages, double-spaced." See Local Rules for the United States District Court for the District of Massachusetts, Rule 7.1(B)(4).

5.  These Markman Briefs do not appear to constitute "memoranda supporting or opposing allowance of motions," however counsel for L-3 Avionics is not entirely clear on the relationship between these Markman Briefs and the Local Rule in question.

6.  In the event this Court finds that Local Rule 7.1(B)(4) acts to limit the length of the Markman Briefs here, L-3 Avionics requests an expansion of that page limit to and including forty (40) pages, to ensure sufficient space within which to set forth the technical issues and evidence required to inform the Court on the underlying issues.

WHEREFORE, L-3 Avionics asks that it be permitted to submit a Markman Brief up to and including forty pages in length.

Dated: October 2, 2006

                              L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC.

                              By its attorneys,

                              /s/ Kathleen A. Kelley
                              Brendan M. Hare, BBO No. 221480
                              Kathleen A. Kelley, BBO No. 562342
                              HARE & CHAFFIN
                              160 Federal Street
                              Boston, MA  02110
                              Tel.  617-330-5000

## CERTIFICATION UNDER LOCAL RULE 7.1

I hereby certify that I have discussed this motion with Ms. Kate Cassidy, counsel for Avidyne Corporation, and she assents to the filing of this motion.

                              /s/ Kathleen A. Kelley

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 2, 2006.

                              /s/Kathleen A. Kelley