IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVIDYNE CORPORATION,<br>a Delaware corporation,<br><br>        Plaintiff/Counter-Defendant,<br>v.<br><br>L-3 COMMUNICATIONS AVIONICS<br>SYSTEMS, INC., f/k/a B. F. GOODRICH<br>AVIONICS SYSTEMS, INC., a<br>Delaware corporation,<br><br>        Defendant/Counter-Plaintiff | Civil Action No. 05-11098 GAO |

**DEFENDANT'S OPPOSITION TO MOTION TO COMPEL
REDESIGNATION OF E-MAIL COMMUNICATION**

The subject communication for which Plaintiff Avidyne Corporation ("Avidyne") is seeking re-designation falls squarely within the terms of the protective order in this case. Furthermore, Avidyne provides no valid substantive reason as to how the Confidential - Attorney's Eyes Only designation of this document could hinder its case. Avidyne's motion to this document should be denied.

    **A.**    **The Document Qualifies for the Designation Given**

Paragraph 2 of the Protective Order provides the following:

> The "CONFIDENTIAL-ATTORNEY'S EYES ONLY" designation shall only be used for non-public information that the designating Party determines, reasonably and in good faith, to constitute highly sensitive technical or business information, *including, but not limited to . . . customer lists or information . . . non-public* agreements or *dealings with any* vendor, distributor or *customer*.

(Avidyne motion Ex. 2 – Stipulated Protective Order, page 3; emphasis added).

The passage in question appears not only in the Protective Order as jointly submitted and entered by the Court, but is a provision that Avidyne itself proposed in the first instance. (Ex. A

– e-mail and proposed protective order from Avidyne's counsel).  The Protective Order, therefore, explicitly recognizes that communications to customers are not public simply by virtue of a customer being a third party.  Moreover, the Protective Order explicitly recognizes that such communications are, by their very nature, the type of sensitive business information that merits protection as Confidential - Attorney's Eyes Only status.

The document in question is a copy of a communication sent to a customer of L-3.[1]  (Ex. B – Declaration of Mr. Steven Blank, page 2).  Clearly, the document is non-public as recognized by the Protective Order.  It is indisputable that L-3 has an interest in maintaining communications with its customer, particularly in view of conduct and a lawsuit instigated by Avidyne that may impact that relationship.  The maintenance of its relationships and personal contacts with its customers, including the identity of its customers, the particular contacts, and the manner in which those relationships are maintained, is highly sensitive to L-3.

In Avidyne's Motion to Seal, Avidyne's counsel identified the subject document as an "Email" in the motion title, rather than simply as a "document."  The title of that motion is in the public record and thus Avidyne's counsel has made public the fact that the content of the document is an "Email."  Although Defendant L-3 Communications Avionics Systems, Inc. ("L-3") does not believe this limited publication of the document is prejudicial to L-3 or even intentional by Avidyne's counsel, it highlights the potential for inadvertent breach of the Protective Order even by experienced litigation counsel.  Disclosure of content to Avidyne itself, as compared to outside counsel, greatly increases the likelihood of misuse of the information, even if it is inadvertent.

---

[1] That the communication was sent to a customer of L-3 is itself substantive information from a Confidential - Attorney's Eyes Only document.  However, due to Avidyne's motion, L-3 felt compelled to disclose this fact.  Notably, it is L-3's right to waive protection in L-3's information as to this limited fact by filing the instant brief.  Avidyne, however, does not have the right to waive L-3's protection.

2

**B.     The Designation Does not Impede Avidyne**

Avidyne represents that the "Email may constitute evidence of L-3's tortious interference with Avidyne's business relations," and then makes the remarkable representation that "[w]ithout the removal of the current designation" Avidyne would be unable "to explore the possibility of bringing an additional affirmative claim against L-3 based on this evidence…" (Avidyne motion, page 2.) Clearly, this is not so.

Paragraph 14 of the Protective Order provides:

> Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel for a Party from disclosing a document containing information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" to any natural person who the document clearly identifies as an author, addressee, or carbon copy recipient of such document. During deposition or trial testimony, counsel may disclose documents produced by a Party to current employees and officers of the producing Party.

(Avidyne motion Ex.2, pages 9-10). Thus, counsel for Avidyne is able to disclose the subject e-mail to the specific recipient if it so chooses.

The e-mail was produced in response to the following document production request:

> REQUEST NO. 37: All documents that relate to any communications that L-3 or anyone acting on its behalf has had *with any of L-3's customers* with respect to this lawsuit, claims of non-infringement made by Avidyne, or claims of patent infringement by L-3. (Emphasis added).

(Ex. B, page 2; Ex. C – Plaintiff Avidyne's First Set of Requests for Production of Documents, page 10). It was the only document produced in response to the request and L-3 has completed its document production regarding this request, with the subject e-mail believed to be the only such document.

Avidyne seeks to imply a nefarious meaning to the e-mail by the repeated statement that "[t]he e-mail in question was sent *one day* after L-3 accused Plaintiff Avidyne Corporation

3

("Avidyne") of infringing the patent in suit."  (Avidyne motion, page 1; emphasis in original).[2] The communication in question was proper and legal.  That issue, however, is distinct from the current motion that seeks to downgrade a proper confidentiality designation in order to permit Avidyne's counsel to (1) identify to Avidyne a customer of L-3, and (2) disclose to Avidyne the content of a non-public communication to that customer.  Any discovery investigation to be addressed is to that customer and counsel is the entity to make such an investigation.  Allowing Avidyne to participate in that investigation creates a significant risk of adversely impacting L-3's customer relation, even if that impact is unintentional.  It is precisely this highly sensitive situation that the Protective Order is designed to protect.

In view of the highly sensitive nature of customer identities and communications, as well as ongoing discovery and Plaintiff Avidyne's clear ability to investigate this matter further through counsel, regardless of the confidentiality status of an e-mail, this motion is unwarranted and, at a minimum, premature and should be denied.

Dated:  October 13, 2006                        Respectfully submitted,

                                                L-3 COMMUNICATIONS AVIONICS
                                                SYSTEMS, INC.


                                                /s/Kathleen A. Kelley
                                                Brendan M. Hare, BBO No. 221480
                                                Kathleen A. Kelley, BBO No. 562342
                                                **Hare & Chaffin**
                                                160 Federal Street
                                                Boston, Massachusetts  02110
                                                (617) 330-5000

---

[2]    It should be noted the emphasis added by Avidyne to the quoted passage of the e-mail on page 1 of the motion does not appear in the actual document. (Avidyne motion, page 1; Avidyne motion, Ex. 1).

and

Terence J. Linn
Karl T. Ondersma
**Van Dyke, Gardner, Linn & Burkhart, LLP**
2851 Charlevoix Drive, S.E.
PO Box 888695
Grand Rapids, Michigan  49588-8695
(616) 975-5500

## CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 13, 2006.

                                       /s/Kathleen A. Kelley

416003.101306

# EXHIBIT A

Case 1:05-cv-11098-GAO    Document 39-2    Filed 10/13/2006    Page 1 of 5

**Terry Linn**

| | |
|---|---|
| **From:** | Oleske, John [joleske@nixonpeabody.com] |
| **Sent:** | Tuesday, March 21, 2006 9:26 AM |
| **To:** | Oleske, John; bhare@hare-chaffin.com; kkelley@hare-chaffin.com; Terry Linn |
| **Subject:** | RE: Avidyne/L3: Draft Protective Order |
| **Attachments:** | NYC_DM-265990-v1-Draft Protective Order.DOC |

Oops - this will work better with the attachment

<<NYC_DM-265990-v1-Draft Protective Order.DOC>>

-----Original Message-----
**From:** Oleske, John
**Sent:** Tuesday, March 21, 2006 9:03 AM
**To:** 'bhare@hare-chaffin.com'; 'kkelley@hare-chaffin.com'; 'Linn@vglb.com'
**Subject:** Avidyne/L3: Draft Protective Order

Counsellors:

Attached is a draft protective order in the Avidyne/L3 case for your review. Please let me know when you have a chance if you have comments/edits, etc., so that we can get this signed off on and get the discovery ball rolling. Thank you.

John

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVIDYNE CORPORATION, a Delaware corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC., f/k/a B.F. GOODRICH AVIONICS SYSTEMS, INC., a Delaware corporation,<br><br>    Defendant/Counter-Plaintiff. | C.A. No. 05-11098 GAO |

## **STIPULATED PROTECTIVE ORDER**

The parties, Plaintiff/Counter-Defendant Avidyne Corporation ("Avidyne") and Defendant/Counter-Plaintiff L-3 Communications Avionics Systems, Inc. ("L-3"), have represented to the Court, and the Court finds that:

  A.  Some information sought to be produced by the Parties during discovery likely will represent or contain trade secrets or other confidential research, development, financial, technical, or commercial information within the scope and meaning of Rule 26 of the Federal Rules of Civil Procedure ("Rule 26"). Some information sought may also represent or contain matters that are privileged or protected from production or disclosure as work product within the scope and meaning of Rule 26.

  B.  None of the Parties is willing at this time to waive any of its rights with respect to discovery material that constitutes confidential, privileged, or work-product material.

N265990.11

C.  The need for prompt and orderly discovery in this proceeding may make it impossible or impracticable for the Parties to ensure that their rights under Rule 26 are fully protected at the time that discovery material is produced or disclosed absent suitable protection from the Court to protect the confidentiality of the materials and information likely to be produced in this action.

ACCORDINGLY, the Parties having submitted a joint motion for entry of this Protective Order, and the Court finding good cause for entry of this Protective Order,

IT IS HEREBY ORDERED: That the Joint Motion is GRANTED; and, it is STIPULATED AND FURTHER ORDERED that each Party to this action, and anyone else who may subsequently subscribe to this Stipulated Protective Order (by execution of The CONFIDENTIALITY UNDERTAKING annexed hereto or by agreement on the record) agrees with and is ordered by the Court to abide in the following provisions:

1.  This Order shall govern all discovery materials produced or disclosed during this litigation, including but not limited to the following: documents, data and information, answers to interrogatories, answers to deposition questions, responses to requests for admission, affidavits and all other discovery taken pursuant to the Federal Rules of Civil Procedure from the Parties and non-Parties. The term "Party" shall include the following: the named Parties to this litigation; all predecessors and successors thereof; all present divisions, subsidiaries or affiliates of any of the foregoing entities; all current joint ventures, partnerships or limited partnerships of which any of the foregoing entities is a joint venturer or a limited or general partner; and all directors, officers, employees, agents or representatives of any of the foregoing entities.

2. Material designated for protection under this Order ("Protected Material") shall be categorized by the Party producing it into one of the following classifications: (a) CONFIDENTIAL or (b) HIGHLY CONFIDENTIAL. The "CONFIDENTIAL" designation shall be appropriately applied to any document or information that the designating Party determines, reasonably and in good faith, to constitute confidential research, development, financial, technical, sales or commercial information or other information the receiving Party and non-Parties would not have access to but for this lawsuit. The "HIGHLY CONFIDENTIAL" designation shall only be used for non-public information that the designating Party determines, reasonably and in good faith, to constitute highly sensitive technical or business information, including but not limited to trade secrets, information relating to pending and not yet published patent applications, customer lists or information, marketing plans, market assessments, studies, internal financial statements, non-public agreements or dealings with any vendor, distributor or customer or with any competitor of a Party to this lawsuit, information whose disclosure is subject to any obligation of prior disclosure to any non-party to this lawsuit, and information or documents that relate to products of any Party under development.

3. To designate and categorize information contained in discovery material that is produced in written form as "CONFIDENTIAL" Protected Material, the producing Party or non-Party shall stamp "[Name of Producing Party or Non-Party] - Confidential," or similar language, on each page of such discovery material, including a Bates number on each page to identify that the Protected Material has been so marked for purposes of this action only. The designation and classification of information as "CONFIDENTIAL" will be deemed effective to bring that information under the protections of this Order unless and until the Court orders otherwise.

# EXHIBIT B

Case 1:05-cv-11098-GAO    Document 39-3    Filed 10/13/2006    Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - -

| | | |
|---|---|---|
| AVIDYNE CORPORATION, a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-11098 GAO |
| L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC., f/k/a B. F. GOODRICH AVIONICS SYSTEMS, INC., a Delaware corporation, | ) ) ) ) ) | |
| Defendant. | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

### DECLARATION OF STEVEN BLANK

I, Steven R. Blank, under the penalties of perjury, do hereby state and declare the following:

1.   I am an employee, Manager, Program Contracts, of L-3 Communications Avionics Systems, Inc. ("L-3 Avionics") 5353 52nd Street SE, Grand Rapids, MI 49512-9704, telephone number (616) 949-6600.

2.   I have been employed by L-3 Avionics since February 2004. My present position is Manager, Program Contracts and I have been involved with all aspects of contractual relations with customers and suppliers during my employment by L-3 Avionics. I have personal knowledge of the current and past customers and suppliers of L-3 Avionics, including based on my employment and review of current contracts and contracts existing prior to my employment.

3.  I was involved in document collection at L-3 Avionics for production to Plaintiff Avidyne Corporation ("Avidyne"), including the document stamped with Bates number LC 03309, which document was attached to Avidyne's "Motion to Compel Defendant to Remove 'Highly Confidential' Designation from Email Communication" as Exhibit 1.

4.  The document identified with Bates number LC 03309 was collected in response to Document Request No. 37 of Plaintiff Avidyne's First Set of Requests for Production of Documents served on Defendant L-3 Avionics.

5.  Based on my personal knowledge of L-3 Avionics customers and suppliers I am knowledgeable of the identity of the recipient of the document. That recipient is a present customer of L-3 Avionics, and has been a customer of L-3 Avionics since at least 1999.

SIGNED UNDER THE PENALTIES OF PERJURY
THIS 5th DAY OF OCTOBER, 2006

_____
Steven R. Blank
L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC.
5353 52nd Street SE
Grand Rapids, Michigan 49512-9704
(616) 949-6600

PATRICIA ANN CAMPBELL
Notary Public, State of Michigan
County of Barry
My Commission Expires May 24, 2012
Acting in the County of  Kent

10/5/06

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVIDYNE CORPORATION, a Delaware corporation,<br><br>   Plaintiff/Counter-Defendant,<br><br>v.<br><br>L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC., f/k/a B.F. GOODRICH AVIONICS SYSTEMS, INC., a Delaware corporation,<br><br>   Defendant/Counter-Plaintiff. | C.A. No. 05-11098 GAO |

## PLAINTIFF/COUNTER-DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 26 and 34 and the Local Rules of this Court, Plaintiff/Counter-Defendant, Avidyne Corporation ("Avidyne"), through its undersigned attorneys, hereby requests that Defendant/Counter-Plaintiff, L-3 Communications Avionics Systems, Inc. ("L-3"), produce and make available for inspection and copying the following documents and things described below within 30 days from the date of service at the offices of Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110 or at such time and place to be mutually agreed upon by counsel for the parties.

W322133.1

relate to:

    (a)    the structure or hierarchy under which such entities operate together;.

    (b)    the extent to which one entity controls the other by virtue of a parent-subsidiary or similar relationship;

    (c)    the percentage of ownership which each entity has in the other, if applicable,

    (d)    the mechanism through which such control or ownership is exercised, *i.e.* via majority stock ownership, interlocking directorates, the sharing of common parent, holding company, or majority stockholder, or otherwise; and

    (e)    all source of capital, funding and loans.

REQUEST NO. 37:

All documents that relate to any communications that L-3 or anyone acting on its behalf has had with any of L-3's customers with respect to this lawsuit, claims of non-infringement made by Avidyne, or claims of patent infringement by L-3.

REQUEST NO. 38:

Documents sufficient to show the name, address, telephone number, job title, responsibilities, employment history, and educational background of each individual likely to have discoverable information relevant to disputed allegations in this action including, without limitation, the defenses and denials L-3 plans to assert in this action.