IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVIDYNE CORPORATION,<br>a Delaware corporation,<br><br>    Plaintiff/Counter-Defendant,<br>v.<br><br>L-3 COMMUNICATIONS AVIONICS<br>SYSTEMS, INC., f/k/a B. F. GOODRICH<br>AVIONICS SYSTEMS, INC., a<br>Delaware corporation,<br><br>    Defendant/Counter-Plaintiff | Civil Action No. 05-11098 GAO |

### DEFENDANT L-3 COMMUNICATIONS AVIONICS SYSTEMS, INC.'S MOTION *IN LIMINE* TO EXCLUDE ANY TESTIMONY OF DR. MYRON KAYTON, OR ANY OTHER WITNESS ON BEHALF OF PLAINTIFF AVIDYNE CORP. ON THE ISSUES OF OBVIOUSNESS AND §112 INVALIDITY

Defendant L-3 Communications Avionics Systems, Inc. ("L-3") hereby moves pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1) for an order *in limine* precluding the testimony by Dr. Myron Kayton, or any other fact or "expert" witness on behalf of Plaintiff Avidyne Corp. ("Avidyne"), as to the invalidity of any claim of U.S. Patent No. 5,841,018 ("the '018 patent") for obviousness under 35 U.S.C. §103, as well as invalidity under 35 U.S.C. §112.

In the alternative, L-3 moves for an order precluding Avidyne from introducing any evidence relating to (1) differences between the claimed methods of the '018 patent and the cited references (2) a reasonable expectation of success at arriving at the claimed methods of the '018 patent, (3) how the cited prior art references could be combined to arrive at the methods claimed in the '018 patent, (4) the motivation of a skilled artisan to combine the prior art references, and (5) any alleged lack of enablement or indefiniteness of any claims of the '018 patent.

Although Avidyne's Reply to Counterclaim (Doc. No. 8) alleged invalidity of the '018 patent based on 35 U.S.C. §103 and §112, Avidyne has failed to introduce any evidence in support of such theories despite L-3's discovery demands on these topics.  Accordingly, Avidyne must be precluded from introducing any testimony concerning such defenses.

A memorandum in support is filed herewith.

### REQUEST FOR ORAL ARGUMENT

L-3 believes that oral argument may assist the Court and, therefore, respectfully requests oral argument on this motion.

### LOCAL RULE 7.1(a)(2) CERTIFICATION

Counsel for L-3 hereby certifies that they have conferred and have attempted in good faith to resolve or narrow the issues, but were unable to resolve the issues.

Defendant L-3 Communications Avionics Systems, Inc.

By their Attorneys,

/s/ Karl T. Ondersma
_____

Terence J. Linn (P33449)
Karl T. Ondersma (P68028)
**Gardner, Linn, Burkhart & Flory LLP**
2851 Charlevoix Drive SE, Suite 207
Grand Rapids, MI  49546
(616) 975-5500
linn@glbf.com
ondersma@glbf.com

Daniel G. Skrip, BBO No. 629784
**Pierce, Davis & Perritano, LLP**
90 Canal Street, 4th Floor
Boston, Massachusetts  02114-2018
(617) 350-0950

## CERTIFICATE OF SERVICE

      I, Daniel G. Skrip, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 13, 2011.

      /s/ Daniel G. Skrip
      Daniel G. Skrip